**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**
**BANGOR DIVISION**

2026 NOV 10 A 9:30

**Michael John Martin**, Plaintiff

v.

City of Waterville;
Eric Haley; and Peter Hallen, Defendants

Civil Action No.: ____________________

**JURY TRIAL DEMANDED**

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983 AND DEMAND FOR JURY TRIAL

Plaintiff Michael John Martin, appearing without counsel, alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Michael John Martin is an adult resident of Maine. His mailing address is 17 Upper Drive, Lisbon, Maine 04252. Telephone: 207-242-9322. Email: touchtanks@gmail.com.

2. Defendant City of Waterville is a Maine municipality responsible for its public schools, known as Waterville Public Schools, through its Board of Education and school officials. The school district central office is at 25 Messalonskee Avenue, Waterville, Maine 04901. Plaintiff alleges the City is responsible for the school-access decisions described here.

3. Defendant Eric Haley was the Superintendent of Waterville Public Schools when the first school-access restriction was confirmed in May 2023. He is sued in his individual capacity for his own alleged actions. His current address for service has not been verified; the district central office is identified here only as his former official workplace.

4. Defendant Peter Hallen was an assistant superintendent in May 2023 and later became Superintendent. He participated in communications about lifting the 2023 restriction and in communications about school access following the May 2026 incident. He is sued in his individual capacity for his own alleged actions. His official workplace is 25 Messalonskee

Avenue, Waterville, Maine 04901.

5. This action arises under 42 U.S.C. 1983 and the First Amendment of the United States Constitution. This Court has subject-matter jurisdiction under 28 U.S.C. 1331 and 1343(a)(3).

6. Venue is proper under 28 U.S.C. 1391(b) because a substantial part of the alleged events and decisions occurred in Waterville, Kennebec County, Maine, within the District of Maine. Plaintiff requests the Bangor Division under the District of Maine's county-based filing practice.

7. At all relevant times, the defendants allegedly acted under color of state or local law in administering a public school system and restrictions on access to school-related activities.

## II. FACTUAL ALLEGATIONS

8. Plaintiff is the father of M.M., a student who attended Waterville High School during the events described. Plaintiff brings only his own claims, not claims on behalf of M.M.

9. Before M.M. began at Waterville High School, Plaintiff discussed her interrupted schooling and emotional vulnerabilities with school staff, including guidance personnel. He also informed school personnel, including athletic personnel, that harsh or angry adult behavior could significantly distress her.

10. During a rainy softball game in or about May 2023, when M.M. was a freshman, she struggled while pitching. Plaintiff recalls that after she was taken off the mound, later struck out while batting, and returned to the dugout, the coach angrily kicked balls or a bucket of balls in her direction. M.M. cried and was subsequently excluded from the team. Plaintiff believed this treatment was unfair and harmful.

11. Plaintiff contacted the school administration, including repeated calls and emails to Superintendent Haley, to complain about the coach's actions and ask for help and an explanation. Plaintiff contends that these communications were efforts to advocate for his child and petition public officials.

12. By May 17, 2023, Plaintiff had been told he could not enter school grounds. He communicated that restriction to school staff while seeking help for M.M.'s anxiety and transportation needs.

13. On May 18, 2023, Plaintiff emailed school administrators requesting permission to enter school grounds to support M.M. and seeking her return to the team. Haley responded in writing that Plaintiff was not allowed on school grounds and that M.M. would not be reinstated. His response did not state a factual basis, duration, or review process for the restriction.

14. Plaintiff believes the original access restriction followed from, and was imposed at least in part because of, his repeated complaints and efforts to challenge the treatment of M.M., rather than a legitimate threat or disruption he caused.

15. In September 2023, after Plaintiff requested permission to return to school grounds, Hallen stated that he had spoken with the principal and athletic director and would contact the Waterville Police Department about lifting the order. On September 15, 2023, Hallen wrote that the school would consider the prior order lifted.

16. Plaintiff continued to communicate with school officials about M.M.'s school and athletic experiences. In February 2024, school administrators acknowledged medical documentation regarding her anxiety and began a Section 504 accommodation process. Plaintiff identifies these matters as context for his longstanding advocacy, not as a separate claim belonging to M.M.

17. On or about May 18, 2026, Plaintiff attended a Waterville softball game at Oceanside High School in Rockland, Maine. He recalls that shortly after arriving, while speaking quietly with a parent and then a grandparent, the same coach reacted angrily on two occasions. Another spectator told the coach to stop. Plaintiff estimates the conflict began within about two minutes of his arrival.

18. Plaintiff states that he was not shouting at or threatening the coach and did not attempt a physical confrontation. He was instructed to leave the ordinary spectator area and watched the game from the outfield.

19. Following the Oceanside incident, Plaintiff recalls Waterville Police Officer Rob Bouley delivering a new no-trespass notice to his home. Plaintiff no longer possesses the notice. Its precise issuing authority, wording, date of delivery, and geographic scope remain to be obtained from official records.

20. Plaintiff recalls a later police visit involving three officers and discussions with Waterville Police community outreach coordinator Todd Stevens. He understood that Stevens attempted to clarify or negotiate school-access arrangements. Plaintiff recalls a further misunderstanding between school and police personnel that left him concerned about possible arrest if he attended a game.

21. On May 19, 2026, Hallen acknowledged receipt of Plaintiff's complaints, stated he was gathering information, and instructed Plaintiff not to contact the softball coach directly. Plaintiff responded that he would follow the communication instructions and requested an investigation.

22. On May 21, 2026, a meeting related to these events occurred in an interview room. A recording was subsequently provided by the Waterville Police Department. Plaintiff does not characterize its precise spoken contents in this complaint pending a reliable review of the audio.

23. In communications around May 27-28, 2026, Hallen discussed with Plaintiff the status of school access and said the school would check with police about restrictions. Plaintiff alleges Hallen participated in administering or interpreting the restrictions affecting his ability to attend school activities, although the exact 2026 issuing authority remains unclear.

24. A separate protection-order matter involving the softball coach arose in late May 2026. Plaintiff does not seek in this federal action to overturn that state-court order or to excuse compliance with it.

25. Plaintiff believes that the two school-access episodes arose after his complaints and that school officials used access restrictions, at least in substantial part, to discourage or punish his advocacy. Plaintiff understands the school may contest that motive and asserts this claim based on his experiences and the communications described above.

26. As a result of the alleged retaliation and restrictions, Plaintiff missed opportunities to watch M.M. participate in school athletics and to support her at school activities. He experienced significant emotional distress. Plaintiff is a combat veteran who reports diagnosed PTSD and memory difficulties, which contributed to how he experienced the restrictions. He seeks damages only for harm attributable to defendants' alleged unlawful conduct.

## III. COUNT I - FIRST AMENDMENT RETALIATION (42 U.S.C. 1983)

27. Plaintiff incorporates paragraphs 1 through 26.

28. Plaintiff's complaints to school officials about treatment of students and the coach's behavior constituted speech and petitions to government officials on matters of public concern and his family's interests.

29. Plaintiff alleges that restrictions on his access to school grounds or school events were adverse actions that would deter a person of ordinary firmness from speaking to school officials about such matters.

30. As to Haley, Plaintiff alleges that following repeated calls and complaints in 2023, Haley used his official authority to confirm and maintain Plaintiff's school-access restriction, substantially motivated by those complaints.

31. As to Hallen, Plaintiff alleges that after the renewed 2026 advocacy he exercised superintendent-level authority in communicating and administering restrictions on Plaintiff's

access, including communications with the police. Plaintiff contends that retaliatory motive was a substantial factor; the precise basis and authority for the 2026 no-trespass notice remain disputed.

32. As to City of Waterville, Plaintiff alleges that the exclusions were implemented as school-system access decisions communicated or administered by superintendent-level officials rather than private acts, and that the system adopted or maintained these decisions as its own. Plaintiff seeks to prove the pertinent municipal policy, custom, or authorized final-policymaker decision through the school's records and applicable law.

## IV. RELIEF REQUESTED

A. Compensatory damages against any defendant legally responsible for proven injury, in an amount to be determined from the evidence;

B. Nominal damages if a constitutional violation is found but compensatory damages are not proven;

C. Punitive damages against individual defendants only if legally available and proven warranted, not against the municipal defendant;

D. Taxable costs where allowed by law; and

E. Such further relief as the Court determines to be proper.

Dated: 11-10-26, 2026 Signature: [signature]

**Michael John Martin, Plaintiff, pro se** | 17 Upper Drive | Lisbon, ME 04252 | 207-242-9322 | touchtanks@gmail.com